UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RANEE CURTO,

                       Plaintiff(s),       **ORDER**
                                                 CV 04-4269 (ADS) (WDW)

     -against-

DEBT COUNSELING CORP., et al.,

                       Defendant(s).
----------------------------------------------------------X
**WALL, Magistrate Judge:**

     Before the court is plaintiff's letter application dated May 20, 2005 in which she asks the court to order the defendants to treat her medical and health information as confidential and only for use in litigating this action. Defendants oppose this request in a letter dated May 27, 2005.

     Plaintiff does not contend that her medical records are not relevant, but seeks to disclose them subject to a confidentiality stipulation limiting the use of those records. Plaintiff's proposed stipulation prohibits disclosure to third parties, and requires any expert to be advised that the records must be maintained as confidential.

     Defendants oppose the "unusual request" for a confidentiality agreement[1] on two grounds. First, defendants' counsel argues that the inability to go over the records with his clients would hamper his defense of the action. Defendants further object for fear that plaintiff will manufacture a future claim for breach of the confidentiality agreement, thus giving rise to "yet another baseless lawsuit."

     The court finds defendants' objections to be without merit. The court has reviewed plaintiff's proposed stipulation and does not believe it would in any way prevent defense counsel from consulting with his clients. Defendants' fear of future claims is speculative and may be alleviated by a more comprehensive agreement.

     The parties are directed to negotiate, execute, and electronically file a mutually acceptable, proposed confidentiality order by **June 10, 2005.** If the parties are unable to agree, they shall each submit a proposed confidentiality order by that date and the court will choose.

---

[1] It should be noted that, contrary to defendants' belief, it is routine for parties to enter into a confidentiality agreement limiting the use of an individual's medical records, and for the court to approve such an agreement. *See, e.g., Baerga v. Hospital for Special Surgery,* 97 Civ. 0230 (DAB), 1998 WL 323498, *1 (S.D.N.Y. June 18, 1998).

Plaintiff should have the medical authorizations prepared and ready to be served as soon as the confidentiality order is entered by the court.


Dated: Central Islip, New York　　　　　　　　**SO ORDERED:**
　　　　June 1, 2005


　　　　　　　　　　　　　　　　　　　　　　 s/ William D. Wall
　　　　　　　　　　　　　　　　　　　　　　WILLIAM D. WALL
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge